**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Jesus Jose MENDOZA–VALLES, aka Ireneo Monseigneur–Silero, aka Ireneo Silero–Monseigneur, Defendant—Appellant.**

No. 02–30146.
D.C. No. CR–01–00159–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Nov. 22, 2002.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

MEMORANDUM **

Jesus Jose Mendoza–Valles appeals his 70–month sentence imposed following a

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

guilty plea to illegal re-entry into the United States, in violation of 8 U.S.C. § 1326. Mendoza–Valles contends that the district court failed to adequately consider his request for a downward departure based upon his consent to deportation and over-representation of his criminal history score. We reject that contention and dismiss for lack of jurisdiction.

## DISCUSSION

The Government did not challenge the district court's authority to depart on either basis asserted by Mendoza–Valles, and the district court did not state a belief that it lacked discretion to do so. In fact, the court's statements at sentencing indicate clearly that it was aware of its discretion and that it chose not to make a departure given the seriousness of the defendant's criminal history and the fact that he re-entered this country just one month after his deportation. Accordingly, we cannot conclude that the district court determined that it lacked authority to depart downward on the bases asserted by the defendant. Because we lack jurisdiction to review a district court's discretionary decision not to depart downward from the applicable Sentencing Guideline, *see* *United States v. Romero*, 293 F.3d 1120, 1126 (9th Cir.2002), we dismiss the appeal.

DISMISSED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts